**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheldon Walker, | No. CV-10-1408-PHX-JWS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel. (Doc. 110) Defendants Dunn and Ryan, the only remaining defendants in this matter, oppose Plaintiff's motion. (Doc. 117) Plaintiff has filed a reply in support of his motion to compel. (Doc. 122) As discussed below, the motion will be granted in part and denied in part.

**I. Background**

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections' ("ADC") officials. (Doc. 41) Plaintiff's claims relate to his confinement in the Arizona State Prison Complex-Eyman, Browning Unit, a maximum security unit, where he remains housed. (*Id.*) In his Second Amended Complaint, Plaintiff named eight Defendants: Charles Ryan, Alfred-Ramos, Laurie Barrett, Correctional Officer Caldwell, Captain Smith-Whitson, Jerry Dunn, Paul Swaney, and Hearing Officer Swanson. The Court has previously dismissed Defendants Ramos, Barrett, Caldwell, Smith-Whitson, Swaney, and Swanson and several counts of the Second Amended Complaint. (Docs. 109, 111) Thus, the only remaining claims are Plaintiff's allegations against Defendants Ryan and Dunn

1 in Counts I and III of the Second Amended Complaint. (*Id*.)

2 In Count I, Plaintiff alleges that Defendants Ryan and Dunn violated his Fourteenth
3 Amendment procedural due process rights by indefinitely confining him in "supermax
4 confinement" as a validated member of the Mau Mau Security Threat Group ("STG"). (Doc.
5 41 at pp. 3-3B)  Specifically, Plaintiff alleges that Defendants have no process in place that
6 permits an inmate like Plaintiff to challenge ADC's continued certification of the Mau Mau as
7 an STG. (*Id*., ¶ 12 at 3B)  Plaintiff indicates that he was informed in 2005, 2006, and 2007-
8 2009, that the ADC was in discussions to decertify the Mau Mau STG. (*Id*., ¶ 8)  In Count III,
9 Plaintiff claims that the standard set forth in the 2006 revised Department Order ("DO") 806
10 policy - which Plaintiff states provides more "safeguards" against ongoing confinement absent
11 sufficient evidence - has not been applied to him but has been applied to other similarly situated
12 prisoners in supermax in violation of the Equal Protection Clause. (Doc. 41, ¶ 1 at 11 of 23)
13 Plaintiff alleges that, at his 2008 and 2009 annual reviews, he was intentionally treated
14 differently from similarly situated individuals in supermax without a rational basis.  (???)

15 In August 2011, Plaintiff served discovery requests on Defendants, to which
16 Defendants responded in December, 2011, and January 11, 2012.  (Docs. 68, 70, 100, 103)  In
17 January, 2012, Plaintiff sent two letters to defense counsel regarding his discovery disputes.
18 (Doc. 110 at 19-25; doc. 117, Exh. A)  On January 26, 2012, Plaintiff requested a conference
19 call with defense counsel to discuss discovery disputes before filing a motion to compel.
20 Defense counsel explains that, because he anticipated a large portion of the discovery would
21 become moot once the Court ruled on the motions to dismiss, he advised Plaintiff that he would
22 not oppose a motion to extend the discovery dispute deadline while the parties awaited the
23 rulings on the motions to dismiss. Thereafter, in March of 2012, the Court dismissed six
24 defendants and four counts of the Second Amended Complaint. The Court will consider
25 Plaintiff's motion to compel in the context of the remaining claims.

26 **II.  Legal Standard**

27 Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery

28
- 2 -

1  regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant
2  information need not be admissible at the trial if the discovery appears reasonably calculated
3  to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The Court may limit
4  discovery requests when "the burden or expense of the proposed discovery outweighs its likely
5  benefit." Fed.R.Civ.P. 26(b)(2)(C)(iii). "Broad discretion is vested in the trial court to permit
6  or deny discovery, and its decision to deny discovery will not be disturbed except upon the
7  clearest showing that denial of discovery results in actual and substantial prejudice to the
8  complaining litigant." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring*
9  *v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

**III. Analysis**

   **A. Meet and Confer Requirement**

Prior to filing a motion to compel, a parties must confer in "good faith." Fed.R.Civ.P. 37(a); LRCiv 7.2(j). Specifically, Federal Rule of Civil Procedure 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed.R.Civ.P. 37(a)(1). The Local Rules reiterate this requirement and provide that "[a]ny discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions." LRCiv 7.2(j). These rules mandate an unrepresented party or attorney attach a certification that "after personal consultation and sincere efforts to do so," the party or counsel have been unable to satisfactorily resolve the matter. *Hart v. Agnos*, 2008 WL 2008966, *7 (D.Ariz. 2008); *IMA North American, Inc. V. Marlyn Nutraceutical, Inc*., 2007 WL 2391009, * 1 n. 1 (D.Ariz. 2007).

Defendants assert that Plaintiff failed to confer with defense counsel regarding Dunn's interrogatory No. 14 and Dunn's request for admission No. 5. (Doc. 117 at 3) (citing doc. 110 at 25, Exh. A) Plaintiff does not dispute this assertion in his Reply. (Doc. 122) Defendants contend that Rule 37 and LRCiv 7.2(j) bar Plaintiff from addressing these

- 3 -

discovery requests in a motion to compel. The Court agrees and will deny the motion to compel as to Dunn's interrogatory No. 14 and Dunn's request for admission No. 5.

### B. Discovery Directed at Dismissed Defendants and Claims

As previously stated, the only remaining claims in this case are allegations against Defendants Ryan and Dunn in Counts I and III of the Second Amended Complaint. Thus, the discovery requests directed to Defendants Barrett, Caldwell, Smith-Whitson, Swaney, Swanson and those pertaining to Counts II, IV, V, and VI are irrelevant because the Court has dismissed these Defendants and claims. Fed.R.Civ.P. 26(b)(1); *Oppenheimer v. Sanders,* 437 U.S. 340, 351-52 (1978) (stating that it is proper to deny discovery of a matter that is relevant only to claims or defenses that are no longer part of the lawsuit.). In apparent agreement with this principle, Plaintiff limits the reply in support of his motion to compel to a discussion of the discovery directed to Defendants Ryan and Dunn. (Doc. 122) Because Defendants Barrett, Caldwell, Smith-Whitson, Swaney, and Swanson are no longer part of this lawsuit, the Court will deny the motion to compel as to discovery requests pertaining to these defendants.

Defendants further argue that Interrogatory No. 16 and Request for Admission No. 5 directed to Defendant Ryan, and Interrogatories Nos. 11 and 15, and Request for Admission No. 4 directed to Defendant Dunn should be dismissed because they pertain to the dismissed claims. (Doc. 117 at 4) Plaintiff's Reply does not address Ryan Interrogatory No. 16, and, thus, he appears to agree that this Interrogatory is no longer relevant. The Court, therefore, will deny the motion to compel as to Ryan Interrogatory No. 16. Plaintiff, however, argues that the remaining discovery requests directed to Ryan and Dunn are relevant. The Court will address these discovery requests below.

### C. Discovery Requests Directed to Defendant Ryan

Plaintiff objects to Defendant Ryan's responses to Interrogatories Nos. 1, 3, 4, 5, 16, 17 and 23, and Request for Admission ("RFA") Nos. 5, 6 and 7. (Doc. 110 at 3-6)

**Ryan Interrogatory No. 1**

- 4 -

1    This interrogatory provides: "Please explain in as much detail as possible the
2 process that takes place during the annual certification review (D.O. 806.01 1.4, 1.4.1, 1.4.2)
3 such as who is the STG Unit who makes the annual recommendation, who make up the STG
4 Appeal Committee, procedures followed during annual review, and the criteria that must be
5 met for an STG or member to no longer be certified." (Doc. 110 at 27)   Defendant Ryan
6 objected to this interrogatory as vague and ambiguous because Plaintiff did not provide an
7 effective date of the STG policy, D.O. 806, to which this interrogatory pertains. (Docs. 110
8 at 27-28; 117 at 5) Defendant Ryan states that during the period relevant to Plaintiff's
9 claims, 2008 to 2010, four versions of the STG policy were in effect. (Doc. 117 at 5)
10 Defendant Ryan states that Plaintiff did not clarify the date of the policy in his discovery
11 letter, but asserted that Defendant Ryan is "responsible for those policies and practices
12 implemented since he has been acting and permanent director." (Doc. 110 at 23)   Defendant
13 states that Plaintiff's letter did nothing to clarify the ambiguity in Interrogatory No. 1.

14    Defendant Ryan further objected to Interrogatory No. 1 on the ground that
15 revealing the requested information would jeopardize institutional safety and security. (Doc.
16 117 at 5)  Defendant Ryan contends that "details about how prison gang members are
17 identified and how gang intelligence is analyzed and collected is information that must be
18 kept of out of the hands of STG members and inmates in general." (*Id*. at 5-6)  Defendant
19 Ryan, however, responded to Interrogatory No. 1 by informing Plaintiff that the annual
20 recertification review process is contained in D.O. 806.  (*Id*. at 6)

21    The Court finds that Defendant Ryan has sufficiently responded to Interrogatory
22 No. 1.  In view of legitimate security concerns, as recognized by the Ninth Circuit in *U.S. v.*
23 *Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (affirming denial of discovery request related
24 to prison security methods because plaintiff could not overcome government's interest in
25 inmate safety and prison security), the Court will not compel Defendant Ryan to provide a
26 further response.

**Ryan Interrogatory No. 3**

Interrogatory No. 3 states, "Please describe the type of incidents that are alleged to have occurred over the last 5 years, listed by year and month, that were used in the annual review of the continue certification of the Mau Mau and its members." (Doc. 110 at 28) Defendant Ryan objected to this request as overbroad, irrelevant, and on the ground that disclosure of this information would jeopardize institutional safety.

Defendant specifically objects that this request as irrelevant because the continued certification of the Mau Mau as an STG has no effect on Plaintiff's continued status as a validated STG member. (Doc. 117 at 6, Exh. B) Defendant Ryan explains that pursuant to D.O. 806, effective November 5, 2009 and revised March 1, 2011, decertification of an STG does not automatically reverse an inmate's validated status as a member of the decertified STG. (*Id.*, Exh. C - § 806.01, subsection 1.5) Defendant further states that, even if the Mau Mau were decertified, returning previously validated members of that STG to the general population would potentially rekindle that group. (*Id.* at 6, Exh. B) The Court finds that Plaintiff's Interrogatory No. 3 is irrelevant. If decertification of the Mau Mau would not effect Plaintiff's status, information pertaining to the continued certification of the Mau Mau as an STG is not relevant to Plaintiff's claims. Accordingly, the Court will deny Plaintiff's motion to compel as to Ryan Interrogatory No. 3.

**Ryan Interrogatory No. 4**

This interrogatory asks, "[h]ow many inmates were validated as a result of the incidents (refer to answer to Interrogatory No. 3) as STG Mau Mau members?" (Doc. 110 at 28) Defendant Ryan objects to this request as overbroad and irrelevant. Defendant explains that recertification of the Mau Mau as an STG is not based on the number of inmates validated as members. Rather, it is based on ongoing or current gang activity since the last annual review. (Doc. 117 at 7) (citing D.O. 806, § 806.01, subsection 1.4 *et seq.*) Because the number of inmates validated as STG members is not part of the recertification decision, that information is irrelevant to Plaintiff's claims and need not be disclosed.

**Ryan Interrogatory No. 17**

- 6 -

1    This interrogatory asks Defendant Ryan to explain if he is aware that long-term
2 confinement in supermax is believed to cause mental health issues or other illness. (Doc.
3 110 at 29) It specifically indicated "the Interrogatory is not asking whether the Defendant
4 believe (sic) or know (sic) it to be true only if he is aware this is believed." Defendant Ryan
5 responded that he is aware that ADC inmates, including Plaintiff, believe that supermax
6 confinement causes physical and mental problems. (*Id.*) In response to Plaintiff's motion to
7 compel a further response, Defendant Ryan states that he does not have a more specific
8 recollection regarding his awareness of inmates' beliefs that long-term confinement in
9 supermax is detrimental to their health. Because the interrogatory is not clear what Plaintiff
10 is asking, the Court finds that Defendant Ryan has sufficiently responded to Interrogatory
11 No. 17 and will deny the motion to compel as to this request.

**Ryan Interrogatory No. 23**

Interrogatory No. 23 asks, "what are the specific criteria an (sic) STG or member must meet in order for you to decide to decertify the group or member." (Doc. 110 at 30-31) Defendant Ryan objects to this request as vague and ambiguous because Plaintiff does not specify the effective date of the STG policy to which his interrogatory pertains. Defendant Ryan also asserts that revealing this information would compromise institutional safety and security. In his Reply, Plaintiff refers to his arguments related to Interrogatories Nos. 1 and 3. (Doc. 122 at 5) Because the Court has denied the motion to compel as to Interrogatories Nos. 1 and 3, it will deny the motion as to Interrogatory No. 23 for the same reasons.

**Ryan Request for Admission No. 5**

Request for Admission No. 5 states "[w]hen you approved the change to D.O. 806 November 5, 2009, Inmate Walker was not allowed to have D.O. 806.02 1.1.3.6. applied to the evidence used at his validation hearing." (Doc. 110 at 34) Defendant contends that this request for admission is irrelevant because all but Counts I and III have been dismissed from this case. Defendant contends that this request applies to Plaintiff's claim pertaining to his validation in 1999 which was dismissed. (Doc. 117 at 9; citing Doc. 109)

The Court disagrees with Defendant because the request is relevant to Plaintiff's

claim in Count III that the standard set forth in the 2006 revised D.O. 806 policy - which he states provides more "safeguards" against ongoing confinement absent sufficient evidence - is not applied to him but it is applied to other similarly situated prisoners in supermax in violation of the Equal Protection Clause. (Doc. 41 at 5)  In his Second Amended Complaint, Plaintiff alleges that, at his 2008 and 2009 annual reviews, he was intentionally treated differently from similarly situated individuals in supermax without a rational basis. Plaintiff's request for admission No. 5 asks whether D.O. 806, as revised in November 5, 2009, was applied to Movant's "validation hearing." Although Plaintiff uses the word "validation", reading the entire sentence and applying common sense, it is apparent that Plaintiff is referring to his annual review in 2009, after D.O. 806 was revised, and not to his initial validation in 1999 as Defendant Ryan claims. Thus, the Court overrules Defendant Ryan's objection and will direct him to respond directly to Request for Admission No. 5.

**Ryan Request for Admission No. 6**

Request for Admission No. 6 states, "D.O. 806.02 1.1.3.6 was not changed until after Inmate Walker filed a civil complaint in regards to D.O. 806.02 1.1.3.6 not being applied to his confinement in Browning Unit." (Doc. 110 at 34)  Defendant Ryan responds that D.O. 806 was revised on November 15, 2009 and March 1, 2011. The Court finds that Defendant Ryan sufficiently responded to Request for Admission No. 6 by providing the date on which the policy at issue was changed, and Plaintiff certainly knows that date on which he filed the pending lawsuit.

**Ryan Request for Admission No. 7**

Request for Admission No. 7 states, "You have the authority to have D.O. 806.01 1.1.3.6 applied to inmate Walker's evidence that [is] used to support his confinement in Browning Unit as it was written November 5, 2009." (Doc. 110 at 34)  Defendant Ryan explains that he cannot respond to the request because evidence of current STG activity cannot be addressed at the annual review of an inmate's STG validation. Defendant explains that evidence is not presented at an annual STG review. Upon review of this request in light of Plaintiff's claims, it seems that Defendant Ryan is applying a hyper-technical, evasive

meaning to the word "evidence" as used in Plaintiff's request for admission. The essence of Plaintiff's request is whether Defendants Ryan has the authority to have D.O. 806.01 1.1.3. 6, as revised on November 5, 2009, applied to the annual reviews of Plaintiff's STG classification. Thus, the Court will direct Defendant Ryan to answer directly Plaintiff's Request for Admission No. 7.

**D.  Discovery Requests to Defendant Dunn**

**Dunn's Interrogatory No. 1**

Interrogatory No. 1 seeks information regarding the identity of the STG Appeals Committee members and the process of annual recertification of STGs.  (Doc. 110 at 36) Defendant Dunn objects to this request as overbroad for failing to specify a time frame. Defendant explains that the STG members differ based on the relevant time period. Defendant stated that the recertification process is contained in D.O. 806, § 806.01. In an effort to narrow his request, Plaintiff states that the interrogatory is limited to annual reviews in which Defendant Dunn participated. (Doc. 110 at 6)  Defendant claims that this qualification still fails to narrow the time frame of Plaintiff's request. Plaintiff's Second Amended Complaint specifically pertains to his annual reviews in 2008 and 2009. Thus, Defendant Dunn's objection is overruled and Defendant is directed to respond directly to Plaintiff's Interrogatory No. 1 limited to the years 2008 and 2009, and to the annual reviews in which Defendant Dunn participated.

**Dunn's Interrogatory No. 3**

Plaintiff seeks the dates of the annual reviews for the recertification of the Mau Mau STG for the last five years. (Doc. 110 at 37)  Defendant opposes this request as irrelevant and not likely to lead to the discovery of admissible evidence. Plaintiff's claims pertain to the continued certification of the Mau Mau as an STG and his continued confinement in supermax as a member of that STG. Thus, the Court finds the information requested relevant to Plaintiff's claims, Defendant's objection is overruled, and the Courts directs Defendant Dunn to respond directly to Interrogatory No. 3 for the years 2008 to 2012.

**Dunn's Interrogatory Nos. 6 and 7**

Interrogatory number 6 asks whether the STG Appeals Committee has recommended the decertification of any STG in the last five years. Interrogatory number 7 asks, if yes, how many times and which STG. Defendant objects to this request for several reasons, most significantly, that releasing this information would compromise prison safety and security because it pertains to recommendations, not final decisions, regarding the annual recertification review process for STGs. Defendant Dunn explains that such information would encourage inmates to take extra measures to hide STG activity if they were aware of possible decertification of their STG. Defendant states that, while ADC provides notification of a final determination of STG certification, it does not provide notice of internal or informal recommendations to decertify STGs. The Court finds that Defendant Dunn has provided a sufficient and legitimate objection to Interrogatories Nos. 6 and 7 and will deny the motion to compel those answers to interrogatories.

**Dunn's Interrogatory No. 11**

The Court will deny the motion to compel this interrogatory answer because it pertains to a claim that was dismissed. (*See* doc. 109 at 12, 15)

**Dunn's Interrogatory No. 19**

This interrogatory seeks five years of "incidents," broken down by month and year, used to continue the certification of the Mau Mau. (Doc. 110 at 40) Defendant objects to this request for security and safety reasons. In view of legitimate security concerns, as recognized by the Ninth Circuit in *Williams*, 791 F.2d at 1387 (affirming denial of discovery request related to prison security methods because plaintiff could not overcome government's interest in inmate safety and prison security), the Court will not compel Defendant Dunn to provide a further response.

**Dunn's Request for Admission No. 4**

The Court will deny the motion to compel regarding this request because it pertains to a claim that was dismissed. (*See* doc. 109)

As set forth above,

**IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 110 is **GRANTED** only to the extent that:

1. On or before **Friday**, **May 18, 2012**, Defendant Ryan must respond directly to Plaintiff's Requests for Admissions Nos. 5 and 7; and

2. On or before **Friday**, **May 18, 2012**, Defendant Dunn must respond to Plaintiff's Interrogatory No. 1, limited by this order to the years 2008 and 2009 and to the annual reviews in which Defendant Dunn participated; and Interrogatory No. 3.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, doc. 110, is **DENIED** in all other respects.

Dated this 7th day of May, 2012.

_____
Lawrence O. Anderson
United States Magistrate Judge