1    **WO**

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9    Sheldon Walker,                          )    No. CV-10-1408-PHX-JWS (LOA)
                                               )
10                       Plaintiff,            )    **ORDER**
                                               )
11   vs.                                       )
                                               )
12                                             )
     Charles L. Ryan; Jerry Dunn,             )
13                                             )
                         Defendants.           )
14                                             )
                                               )
15   _____

16           This matter is before the Court on Plaintiff's Motion to Compel Discovery. (Doc.

17   134) Defendants filed a Response on July 16, 2012. (Doc. 144)  No optional reply was filed

18   by Plaintiff. As discussed below, the Motion will be granted in part and denied in part.

     **I. Background**
19
             Plaintiff filed a *pro se* Section 1983 Prisoner Civil Rights Complaint, alleging six
20
     counts of constitutional violations on July 7, 2010. (Doc. 1)  Plaintiff was granted *in forma*
21
     *pauperis* status on September 15, 2010, and his Complaint was dismissed in part and allowed
22
     to proceed in part. Defendants Ryan and Dunn were ordered to be served and answer the
23
     Complaint with respect to Count I for Defendant Ryan and Counts I, II and III with respect
24
     to Defendant Dunn. (Doc. 5 at pgs. 4, 5-6)
25
             Plaintiff was granted leave to amend his Complaint, doc. 19, and the First Amended
26
     Complaint was filed on December 30, 2010, doc. 20. The Court ordered Defendants Dunn
27
     and Ryan to answer Counts I, II and III; Defendants Ramos and Ryan to answer Count IV;
28

Defendants Ryan, Ramos and Dunn to answer Count V; and Defendants Swaney, Caldwell, Barrett, Watson and Smith-Whitson to answer Count VI. (Doc. 19) On April 20, 2011, the Court allowed Plaintiff to file a Second Amended Complaint to substitute Defendant Watson with Defendant Kurtz. (Docs. 40, 41) The Court later granted Plaintiff's Motion to Substitute Defendant Swanson for Defendant Kurtz and voluntarily dismiss the claims against Defendant Kurtz, doc. 66. (Doc. 78 at 3)

On February 14, 2012, the Court dismissed Counts II, IV, and V and also dismissed Defendant Ramos. (Doc. 109)  On March 1, 2012, the Court granted Defendants' Motion to Dismiss Count VI, dismissing Defendants Caldwell, Swaney, Barrett, Smith-Whitson, and Swanson. (Doc. 111)

The only remaining counts are I and III against Defendants Ryan and Dunn. Count I alleges that Defendants Ryan and Dunn violated Plaintiff's Fourteenth Amendment procedural due process rights by indefinitely confining Plaintiff in "supermax confinement" as a validated member of the Mau Mau Security Threat Group ("STG").  Plaintiff alleges that there is no process in place that permits Plaintiff to challenge the continued certification of the Mau Mau as a STG and there have been discussions in the past to decertify the Mau Mau. (Docs. 41; 109 at 2)  Defendants phrase Plaintiff's Count I claim slightly different. Defendants contend Plaintiff's Count I claim is the Mau Mau "no longer exist because there is no Mau Mau member activity and, therefore, [Plaintiff] should be released from maximum custody Arizona State Prison Complex ('ASPC') - Eyman-Browning Unit ('Browning Unit') because [Plaintiff] no longer poses a risk[.]" (Doc. 144 at 2)

Count III alleges that Defendants Ryan and Dunn violated Plaintiff's Fourteenth Amendment Equal Protection rights because they have applied the revised policy of D.O. 806 (requiring original documentation to support criteria used to validate prisoners and support their indefinite confinement) to other inmates and released them from indefinite confinement, but such policy has not been applied to Plaintiff.  (Docs. 41; 109 at 2)

On June 13, 2012, Plaintiff filed the pending Motion to Compel Discovery. (Doc. 134)  Plaintiff's Motion is in small handwriting, difficult to read, and, as such, presents a

significant challenge to adjudicate. In his Motion, Plaintiff requests the Court order Defendants to provide Plaintiff with the discovery served on Defendants on March 24, 2012, doc. 118. Plaintiff filed two motions to extend the deadline to resolve discovery disputes, docs. 126 and 130. On June 4, 2012, the Court granted Plaintiff's first request, and denied Plaintiff's second request as moot. (Doc. 131) The Court extended the deadline until June 15, 2012. Defendants filed their Response to Plaintiff's Motion to Compel on July 16, 2012. (Doc. 144) On August 13, 2012, Defendants moved for summary judgment on Counts I and III of the Second Amended Complaint, doc. 41. (Doc. 146) Plaintiff's Response has essentially been stayed until the Court's resolution of this discovery dispute and Defendants' compliance with any order to produce discovery. (Doc. 150)

**II. Legal Standards**

   **A. Discovery**

   Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably  calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). The Court may limit discovery requests when, among others, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(iii).

   "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732,751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc*., 54 F.3d 1422, 1423 (9th Cir. 1995). Demonstrating relevance is the burden of the party seeking the discovery. *Calderon v. U.S.*, 2008 WL 1787497, at *2 (S.D. Cal. April 15, 2008) ("The party seeking

to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).") (citation omitted). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections." *Id.* (citations omitted).

Prior to filing a motion to compel and in the context of being an incarcerated inmate, Plaintiff provided the requisite certification that he conferred, or attempted to personally confer, in good faith with adverse counsel to resolve their discovery dispute prior to seeking court action. *See* Fed.R.Civ.P. 37(a)(1); LRCiv 7.2(j). Defendant does not dispute this and the Court finds that Plaintiff sufficiently satisfied this requirement under the circumstances.

**B. Procedural Due Process**

Plaintiff is alleging a violation of his procedural due process rights because he claims he has been, and is being, denied any process to challenge ADOC's continued certification that the Mau Mau is a STG. Thus, he claims he is being denied an opportunity to be heard and present evidence, receive a fair and meaningful review, and call witnesses. (Docs. 109 at 2)  The substantive component of the due process clause "bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotations omitted); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The procedural component of the due process clause protects against the deprivation by state action of "life, liberty, or property without due process of law." U.S. Const., Amend. 14, § 1; *Zinermon,* 494 U.S. at 125.  It is not the deprivation of life, liberty, or property that is procedurally unconstitutional; rather, it is the deprivation without the requisite due process. *Id.* at 126; *Carey v. Piphus,* 435 U.S. 247, 259 (1978).

When an inmate is transferred to a more confined facility or cell, courts generally determine "what process an inmate must be afforded under the Due Process Clause," *Wilkinson v. Austin,* 545 U.S. 209, 220 (2005), and whether the new facility or cell will "impose[] atypical and significant hardship on the inmate" or "inevitably affect the duration of his sentence." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1997); *accord Myron v.*

1  *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir.

2  1996).  In order to demonstrate a liberty interest entitling an inmate to due process, a plaintiff

3  must allege that his indefinite confinement in disciplinary confinement "imposes atypical and

4  significant hardship . . . in relation to the ordinary incidents of prison life." *See Sandin*, 515

5  at 484. Therefore, discovery based on a claim of a violation of procedural due process must

6  be relevant to those claims.

7        **C. Equal Protection**

8        The equal protection clause requires that "all persons similarly situated shall be treated

9  alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Gilbrook v. City of Westminister*, 177 F. 3d

10  839, 871 (9th Cir. 1999) (in order to state an equal protection claim, a petitioner must allege

11  "unequal treatment of people similarly situated"). A law that does not burden a fundamental

12  right or target a suspect class will be upheld as long as the law is rationally related to a

13  legitimate governmental interest. *Romer v. Evans*, 517 U.S. 620 (1996); *Coakley v. Murphy*,

14  884 F.2d 1218, 1221-22 (9th Cir. 1989). All that is needed to uphold state action under a

15  rational basis test is a finding that there are "plausible," "arguable," or "conceivable" reasons

16  which may have been the basis for the state's action. *Jackson Water Works v. Public Utils.*

17  *Comm'n of State of Cal.*, 793 F.2d 1090, 1094 (9th Cir. 1986) (quoting *Brandwein v.*

18  *California Bd. of Osteopathic Examiners*, 708 F.2d 1466, 1472 (9th Cir. 1983)).

19        For purposes of equal protection, prisoners are not a suspect class. *Webber v.*

20  *Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th

21  Cir. 1991). Inmates are not entitled to identical treatment as other inmates merely because

22  they are all inmates. *See Norvell v. Illinois*, 373 U.S. 420 (1963). A mere demonstration of

23  inequality is not enough to establish a violation of the equal protection clause - when a

24  suspect class is not implicated, the complainant must allege invidious discriminatory intent.

25  *McQueary*, 924 F.2d at 834-35. Therefore, discovery based on an equal protection claim

26  must be relevant to these standards set forth.

27  **III. Analysis**

28        Plaintiff alleges that Defendants have failed to produce documents relating to sixteen

1   specific requests, namely, Requests for Productions Nos. 1, 2, 3, 4, 5, 6, 9, 10, and 12 from

2   Defendant Ryan and Nos. 1, 2, 3, 4, 5, 6, and 9 from Defendant Dunn. The Court will

3   address each request individually.

4   **Defendant Ryan**

5       **1.  Request for Production No. 1**

6       Plaintiff requests "[a] complete unredacted copy of Plaintiff's AIMS report, except

7   the identity of confidential information of other inmates." (Doc. 134-1 at 14)

8       Plaintiff asserts that this information is relevant to Count I, his procedural due

9   process claim, because he is being denied an opportunity to be notified, heard, present

10  evidence and witnesses, and have meaningful review whether the Mau Mau remains a STG

11  which is resulting in his current supermax confinement. (*Id.* at 2)

12      Defendant Ryan objects on the ground that the Adult Information Management

13  System's ("AIMS") file only contains information related to Plaintiff's "sentencing and

14  release date calculations; institutional movements; disciplinary and rule violations; detainers

15  and warrants; institutional work or job history; classification actions; or board of executive

16  clemency hearing actions." (Doc. 144 at 3) Defendant further objects that, pursuant A.R.S.

17  § 31-221(D), an inmate is only allowed to "view," not possess, "the prisoner's own automated

18  summary record file" one time each year, except under certain circumstances not relevant

19  here. (Doc. 134-1 at 15) Finally, Defendant argues that this discovery request "is not relevant

20  to his remaining claims regarding the continued certification of the Mau Mau or his personal

21  post-validation annual reviews." (Doc. 144 at 3)  Defendant contends "[w]hether he has had

22  any disciplinary issues since being validated as a gang member is not the primary factor of

23  his continued housing in administrative segregation, rather it is his refusal to renounce his

24  gang membership and debrief, or to participate in and successfully complete the Step-Down

25  Program." (*Id.*)

26      A review of A.R.S. § 31-221 (A)(1-8) supports Defendant's answer that it only

27  contains the limited information Defendant has set forth above. The statute additionally

28  prohibits revealing the names of confidential informants, endangering the lives of others or

1  jeopardizing an ongoing criminal indictment. A.R.S. § 31-221(C)(1-3). The statute further
2  provides that "[a] prisoner may view the prisoner's own automated summary record file,
3  excluding those categories listed in subsection C." A.R.S. § 31-221(D).

4          The Court will deny Plaintiff's Motion to Compel with respect to the Request for
5  Production No. 1 on the grounds it lacks relevance to his procedural due process claim
6  because Plaintiff has failed to demonstrate how the information in the AIMS file is reasonably
7  calculated to lead to the discovery of admissible evidence on either of Plaintiff's two narrow
8  remaining claims.  Additionally, regardless whether A.R.S. § 31-221 is applicable to, or
9  controlling upon, a federal district court, if Plaintiff wishes to view the document, and he has
10 not done so within the year, he should follow the proper procedures for review of A.R.S. §
11 31-221 documents.

12 **2.  Request for Production No. 2**

13         Plaintiff requests a "complete unredacted copy of Plaintiff's master file, except the
14 identity of confidential informants or other inmates." (Doc. 134-1 at 15)

15         Plaintiff states that this information is relevant to his procedural due process claim
16 and that it would include "gang activity or lack of gang activity." (Doc. 134-1 at 7)

17         Defendant objects to this request as irrelevant and overly broad and Plaintiff's master
18 file does not contain the information Plaintiff seeks. (Doc. 144 at 3-4) Defendant further
19 objects that the master file does not contain an inmate's STG documents. (*Id.* at 4) According
20 to Defendant, the master file only provides the following documentation, as required by
21 A.R.S. § 31-221:

22         [i]nformation from the committing court; reports from reception-diagnostic centers;
           evaluation and assignment reports and recommendations; reports of disciplinary
23         infractions and their disposition; progress reports prepared for the board of executive
           clemency and the Arizona Department of Corrections ("ADC"); parole or community
24         supervision progress reports; the date and circumstances of final discharge; and any
           other pertinent data concerning the inmate's background, conduct, associations and
25         life history as may be required by the ADC with a view to the person's reformation
           and to the protection of society.
26

27 (*Id.* at 4)

28         Here, Plaintiff has not shown that the information in Plaintiff's master file is relevant

1   to his remaining claims or creates a reasonable doubt regarding the credibility of Defendant's
2   objection. Fed.R.Civ.P. 26(b)(1). The Court will therefore deny Plaintiff's Motion to Compel
3   with respect to Request for Production No. 2.

4   **3.  Request for Production No. 3**

5       Plaintiff requests a "complete unredacted copy of Plaintiff's STG file, including all
6   reports, assessments and/or comments regarding his participation in the stepdown program
7   of DO 806.09 of D.O. 806 implemented 11-5-09 revised 4-15-10, such as any gang activity
8   or lack thereof and the kind of security threat Plaintiff is believed to pose as a participant of
9   the stepdown program. Plaintiff is acceptable to redacting of the identity of confidential
10  informants or other inmates."  (Doc 134-1 at 15)

11      Plaintiff contends that the information is relevant to Count I and the monitoring of
12  gang activity and individual behavior. (Doc. 134 at 8)

13      Defendant objects on the grounds of relevance. Specifically, Defendant contends
14  that this information does not relate to Plaintiff's remaining claims regarding the continued
15  validation of the Mau Mau as a STG or Plaintiff's personal post-validation annual reviews
16  which pertain only to events that occurred after Plaintiff's STG appeal. (Doc. 144 at 4)
17  Defendant also contends that Plaintiff has not made any allegations regarding the Step-Down
18  program. (*Id.*) Finally, Defendant contends that Plaintiff's argument that his release from the
19  Browning Unit is somehow dependent on whether Plaintiff poses a security threat is not true.
20  Rather, Defendant notes, the only way Plaintiff can be released from Browning Unit is if he
21  "renounces and debriefs or successfully participates in and completes the Step-down
22  Program." (*Id*. at 5)

23      Plaintiff has not provided any information establishing that he has participated in a
24  Step-Down program, nor has he shown that the information sought here is relevant to his
25  remaining claims.  The Court will deny Plaintiff's Motion to Compel with respect to Request
26  for Production No. 3.

27  **4.  Request for Production No. 4**

28      Plaintiff seeks "documents of interviews, statements, [and] court testimony made .

1   . . by Defendant [regarding the] level of security threat STG's including the Mau Mau, pose

2   to the institution during the years 2007-2011." (Doc. 134-1 at 15)

3          Defendant objects on the ground of relevance because the prison activities of an STG

4   other than the Mau Mau are not relevant to Plaintiff's pending claims "because he has been

5   validated a member of the STG, the Mau Mau." (Doc. 144 at 5)  "Second, 'statements

6   Defendant [Ryan] may or may not have made about the level of threat that the Mau Mau

7   posed during 2007-2011 are irrelevant to whether Defendant [Ryan] ultimately decided to

8   continue certification of the Mau Mau each year, which is simply based on the existence of

9   gang activity by the STG." The Court disagrees in part.

10          The Court agrees the activities of other STGs are not relevant to Plaintiff's claims

11   and, hence, are not discoverable. However, the Court believes that Defendant Ryan's

12   statements with respect to the Mau Mau may lead to admissible evidence. Therefore, the

13   Court will limit Plaintiff's request to only discover evidence regarding this Defendant's

14   known written "interviews, statements, [and] court testimony" about the Mau Mau STG, and

15   will therefore grant Plaintiff's Motion to Compel subject to this limitation.

16   **5.  Requests for Production Nos. 5, 6 and 9**

17          In Request for Production No. 5, Plaintiff requests "[a]ll documents that contain,

18   mention, construe, or refer to all the incidents and/or evidence that was used to support the

19   continued certification of the STG Mau Mau pursuant to D.O. 806.01 1.4, 1.4.1, and 1.4.2.

20   D.O. 806 implemented 3-15-06, 11-5-09 and 4-15-10 during the years of 2007-2011.

21   Documents such as threat assessments, incident reports, use of forces reports, G.R.I.T." (Doc.

22   134-1 at 16)

23          In Request for Production No. 6,  Plaintiff requests "[a]ll documents that contain,

24   mention, construe, or refer to the process of whether or not to continue the certification of a

25   certified STG or member as outline in D.O. 806.01 1.4, 1.4.1, and 1.4.2 implemented in 3-15-

26   06 revised 11-5-09 and again the STG Appeals Committee, the names of those who sit on the

27   STG Appeals Committee during the annual reviews, the names and job titles of those who

28   submit the threat assessments and any recommendations as to whether or not to continue

1   certification of the STG's during the years 2007-2011. These documents should include but
2   not be limited to memoranda, policies, management orders, instructions, directives and/or e-
3   mails." (*Id.*)

4          In Request for Production No. 9, Plaintiff requests "[a]ll documents that contain,
5   mention, construe, or refer to the criteria an STG, including the Mau Mau must meet in order
6   for Defendant Ryan not to continue the certification of an STG, including the Mau Mau." (*Id.*
7   at 17).

8          Defendant  Ryan objects to these requests on the grounds of relevance, that the
9   documents no longer exist, and, if they do exist, they pose security concerns if disclosed.
10  (Doc. 144 at 7) Additionally, the Court previously denied Plaintiff's similar request as
11  irrelevant if the requested information regarding the continued certification of the Mau Mau
12  did not affect the Plaintiff's status as a validated STG member. (*Id.,* citing doc. 125 at 6)
13  Further, Defendant Ryan contends it is unimportant to know the actual information that is the
14  basis for the continued certification of an STG because the mere fact that there is continuing
15  activity by an STG is sufficient for Defendant Ryan to recommend or approve the continued
16  certification of the STG. Defendant points out Plaintiff "is already validated [as a STG
17  member] and evidence of incidents used to validate an inmate is irrelevant to his
18  post-validation claims." (*Id.*).

19         Obviously, the Court cannot order Defendant Ryan to produce documents which do
20  not exist. Additionally, the Court finds that Plaintiff has not adequately established that the
21  continued certification of the Mau Mau as a STG affects his status or is somehow relevant to
22  his remaining claims and, therefore, will deny the Motion to Compel with respect to Requests
23  for Production Nos. 5, 6 and 9.  Plaintiff fails to connect the continued certification of the
24  Mau Mau with Plaintiff's own validation of STG status. *See, e.g., United States v. Williams*,
25  791 F.2d 1383, 1387 (9th Cir. 1986) (affirming denial of discovery request related to prison
26  security methods because plaintiff could not overcome government's interest in prison
27  security and inmate safety).

28  **6.  Request for Production No. 10**

1       Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the

2 number of inmates who had their STG validation rejected or overturned based on evidence

3 not meeting the standard of D.O. 806.02 1.1.3.6 of D.O. 806 implemented 3-15-06, revised

4 11-5-10, and revised again 4-15-10 as was done with inmate Nicholas Sizemore in 2009. The

5 number of inmates during 2006-2011." (Doc. 134-1 at 18)

6       Defendant Ryan objects to this request on the ground that "it assumes facts not in

7 evidence, is irrelevant and it poses a security risk." (Doc. 144 at 7) Defendant further objects

8 because there were no validations that were reversed or overturned and there are no numbers

9 available to produce. Finally, Defendant argues Plaintiff is not entitled to access to inmate

10 Nicholas Sizemore's STG information for multiple reasons, including prison security

11 concerns. (*Id.* at 8) Defendant points out Plaintiff is "incorrect in his assumption or belief that

12 any inmates (sic), including Nicholas Sizemore, had their (sic) STG validation 'rejected or

13 overturned' based on evidence 'not meeting the standard of DO 806, § 806.02, Subsection

14 1.1.3.6.'" (*Id.*) Defendant Ryan provides a brief overview and explanation of the changes

15 made to DO 806, effective November 5, 2009, and revised on March 1, 2011, and explain that

16 the amendments did not change the standard of evidence used to validate inmates as STG

17 members. Defendant further argues that no evidence was used at Plaintiff's annual

18 classification review. (*Id.*) The only issue at stake was "whether [Plaintiff] has renounced and

19 debriefed or whether he is successfully participating the Step-Down Program." (*Id.* at 8-9)

20       The Court agrees that generally other inmates' claims are not relevant to Plaintiff's

21 claims regardless of whether another inmate was afforded due process or suffered a

22 constitutional violation. Moreover, in light of legitimate prison security concerns, the Court

23 will deny Plaintiff's Motion to Compel with respect to Request for Production No. 10. *See*

24 *Williams*, 791 F.2d at 1387 (affirming denial of discovery request related to prison security

25 methods because plaintiff could not overcome government's interest in prison security and

26 inmate safety).

27 **7. Request for Production No. 12**

28       Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the

- 11 -

1    certifying of a member as stated in D.O. 806.01 1.4 of D.O. 806 implemented on 3-15-06

2    revise [sic] 11-5-09 and revised twice more on 4-15-10 and 3-1-11 as opposed to a validated

3    member of these same policies."   (Doc. 134-1 at 18)

4          Defendant originally objected to this request as vague and ambiguous and now

5    contend that Plaintiff did not attempt to clarify his request but rather simply restated the

6    original vague request. (Doc. 144 at 9)  Defendant further states that the entire STG process

7    is contained in DO 806, which they have already provided to Plaintiff. (*Id.*)

8          The Court finds that Plaintiff has not adequately clarified his request and that the

9    request remains vague and ambiguous. Requests for production of documents must be

10   described with "reasonable particularity." Fed.R.Civ.P. 34(b)(1)(A). Therefore, the Court will

11   deny Plaintiff's Motion to Compel with respect to Request for Production No.  12.

12   **Defendant Dunn**

13   **1.  Requests for Production Nos. 1 and 2**

14         In Request for Production No. 1, Plaintiff requests "[a]ll documents that contain,

15   mention, construe, or refer to the questions that were asked to Plaintiff during the polygraph

16   test he was given on approximately 10-12-10 in order to be eligible for the stepdown program

17   as required by D.O. 806.08 1.2.2.3 of DO 806 implemented 4-15-10." (Doc. 134-1 at 22)  In

18   Request for Production No. 2, Plaintiff requests "[a]ll documents that contain, mention,

19   construe, or refer to the polygraph test given to Plaintiff on approximately 10-12-10 and the

20   results of that test and including the name of the polygraph examiner as required by D.O.

21   806.08 1.2.2.3 of D.O. 806 implemented 4-15-10." (Doc. 134-1 at 23)

22         Defendant Dunn objects to these requests as irrelevant because Plaintiff does not

23   make any allegations or claims in this lawsuit regarding the Step-Down program.  (Doc. 144

24   at 9) Defendant further states that Plaintiff is incorrect that the polygraph test was used as

25   evidence of gang activity; but rather, it is used to determine whether an inmate is truthful

26   about his motivations. (*Id.* at 9-10)

27         The Court finds that Plaintiff has not shown how the Step-Down program is relevant

28   to Plaintiff's existing claims and will, therefore, deny Plaintiff's Motion to Compel with

1  respect to Requests for Production Nos. 1 and 2.

2  **2.  Request for Production No. 3**

3  Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the

4  number of inmates the STG Appeals Committee denied (reversed) their validation because

5  of evidence used to support the validation did not meet the requirement of D.O. 806.02

6  1.1.3.6 of D.O. 806 implemented 3-15-06, revised 11-5-09 and revised again 4-15-10 during

7  the years 2007-2011 as was done in inmate Nicholas Sizemore's validation in the year 2009."

8  (Doc. 134-1 at 23)

9  Defendant argues that this request is the same one as Request for Production No. 10

10  sought from Defendant Ryan.  Defendant reiterates that the standard did not change and that

11  no inmate have had his validation reversed based on insufficient evidence.  (Doc. 144 at 10)

12  For the same reasons as the Court denied Plaintiff's Motion to Compel with respect

13  to Request for Production No. 10 proffered to Defendant Ryan, the Court will deny Plaintiff's

14  Motion to Compel with respect to Request for Production No. 3 proffered on Defendant

15  Dunn.

16  **3.  Request for Production Nos. 4, 5 and 6**

17  In Request for Production No. 4, Plaintiff requests "[a]ll documents that contain,

18  mention, construe, or refer to the process the STG Appeals Committee follow when they

19  conduct the annual review of whether or not to continue certification of an STG during the

20  years 2007-2011 as outlined in D.O. 806.01 1.4, 1.4.1., and 1.4.2 implemented 3-15-06

21  revised 11-5-09 and 4-15-10." (Doc. 134-1 at 23)

22  In Request for Production No. 5, Plaintiff requests "[a]ll documents that contain,

23  mention, construe, or refer to the criteria a certified STG or member as stated in D.O. 806.01

24  1.4, 1.4.1, 1.4.2 and 1.4.3 of D.O. 806 implemented 3-15-06, revised 11-5-09 revised again

25  4-15-10 and the last revision 3-1-11 must meet for the STG Appeals Committee to

26  recommend to the Director not to continue certification of a particular STG or member,

27  during the years of 2007-2011." (Doc. 134-1 at 24)

28  In Request for Production No. 6, Plaintiff requests "[a]ll documents that contain,

1   mention, construe, or refer to how the STG Appeal Committee determine whether or not to

2   continue certification of an STG or member as outlined in D.O. 806.01, 1.4, 1.4.1, 1.4.2, and

3   1.4.3 of D.O. 806 implemented 3-15-06 revised 11-5-09, 4-15-09, and 3-1-11." (Doc. 134-

4   1 at 24)

5        Defendant Dunn objects to these Requests for Production on the ground that they

6   are not relevant to Plaintiff's claims. First, Defendant contends that other inmates have not

7   had a different standard of evidence applied to their evidence, nor have they had their

8   validations overturned and reversed. (Doc. 144 at 10) Second, again as discussed with

9   Request for Production No. 10 proffered earlier, Defendant Dunn indicates that evidence is

10  not evaluated at Plaintiff's annual classification review. (*Id.* at 10-11) Defendant states the

11  "only information used to determine classification is whether [Plaintiff] has renounced and

12  debriefed or whether he is successfully participating in the Step-Down Program." (*Id.* at 11)

13       The Court will deny Plaintiff's Motion to Compel with respect to Requests for

14  Production Nos. 4, 5, and 6 as irrelevant.

15  **4. Request for Production No. 9**

16       Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the

17  number of suspected, validated, and debriefed STG members of each STG who [are]

18  incarcerated currently and those who are not incarcerated for the years of 2006-2011 such as

19  statistic reports, incident reports, and other related communications." (Doc. 134-1 at 25)

20       Defendant Dunn objects to this request as irrelevant and not discoverable because

21  information related to the continued certification of Mau Mau as a STG does not affect

22  Plaintiff's STG membership validation. (Doc. 144 at 11)

23       The Court finds that Plaintiff has not shown that the discovery he seeks to obtain in

24  Request for Production No. 9 is related to his remaining claims and, for the reasons set forth

25  in denying Request for Production Nos. 5, 6, and 9 proffered on Defendant Ryan, the Court

26  will deny Plaintiff's Motion to Compel with respect to Request for Production No. 9.

27       Accordingly,

28       **IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **DENIED** with

- 14 -

respect to Requests for Production Nos. 1, 2, 3, 5, 6, 9, 10, and 12 proffered on Defendant Ryan.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **DENIED** with respect to Requests for Productions 1, 2, 3, 4, 5, 6, and 9 proffered on Defendant Dunn.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **GRANTED** with respect to Request for Production No. 4 proffered on Defendant Ryan. Defendant is ordered to produce the requested documents limited to only evidence regarding Defendant Ryan's written "interviews, statements, [and] court testimony" about the Mau Mau STG within **10 days** of the date of this Order. In the event that such documents include information regarding other inmates, such information may be redacted for purposes of the other inmates' privacy and prison security.

**IT IS FURTHER ORDERED** that Plaintiff shall have shall have **14 days** from the date on which he receives the documents requested in Request for Production No. 4 in which to respond to Defendants' Motion for Summary Judgment, doc. 146.

Dated this 26th day of September, 2012.

Lawrence O. Anderson
United States Magistrate Judge