**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheldon Walker, | No. CV-10-1408-PHX-JWS (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan; Jerry Dunn, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery. (Doc. 134) Defendants filed a Response on July 16, 2012. (Doc. 144) No optional reply was filed by Plaintiff. As discussed below, the Motion will be granted in part and denied in part.

**I. Background**

Plaintiff filed a *pro se* Section 1983 Prisoner Civil Rights Complaint, alleging six counts of constitutional violations on July 7, 2010. (Doc. 1) Plaintiff was granted *in forma pauperis* status on September 15, 2010, and his Complaint was dismissed in part and allowed to proceed in part. Defendants Ryan and Dunn were ordered to be served and answer the Complaint with respect to Count I for Defendant Ryan and Counts I, II and III with respect to Defendant Dunn. (Doc. 5 at pgs. 4, 5-6)

Plaintiff was granted leave to amend his Complaint, doc. 19, and the First Amended Complaint was filed on December 30, 2010, doc. 20. The Court ordered Defendants Dunn and Ryan to answer Counts I, II and III; Defendants Ramos and Ryan to answer Count IV;

Defendants Ryan, Ramos and Dunn to answer Count V; and Defendants Swaney, Caldwell, Barrett, Watson and Smith-Whitson to answer Count VI. (Doc. 19) On April 20, 2011, the Court allowed Plaintiff to file a Second Amended Complaint to substitute Defendant Watson with Defendant Kurtz. (Docs. 40, 41) The Court later granted Plaintiff's Motion to Substitute Defendant Swanson for Defendant Kurtz and voluntarily dismiss the claims against Defendant Kurtz, doc. 66. (Doc. 78 at 3)

On February 14, 2012, the Court dismissed Counts II, IV, and V and also dismissed Defendant Ramos. (Doc. 109) On March 1, 2012, the Court granted Defendants' Motion to Dismiss Count VI, dismissing Defendants Caldwell, Swaney, Barrett, Smith-Whitson, and Swanson. (Doc. 111)

The only remaining counts are I and III against Defendants Ryan and Dunn. Count I alleges that Defendants Ryan and Dunn violated Plaintiff's Fourteenth Amendment procedural due process rights by indefinitely confining Plaintiff in "supermax confinement" as a validated member of the Mau Mau Security Threat Group ("STG"). Plaintiff alleges that there is no process in place that permits Plaintiff to challenge the continued certification of the Mau Mau as a STG and there have been discussions in the past to decertify the Mau Mau. (Docs. 41; 109 at 2) Defendants phrase Plaintiff's Count I claim slightly different. Defendants contend Plaintiff's Count I claim is the Mau Mau "no longer exist because there is no Mau Mau member activity and, therefore, [Plaintiff] should be released from maximum custody Arizona State Prison Complex ('ASPC') - Eyman-Browning Unit ('Browning Unit') because [Plaintiff] no longer poses a risk[.]" (Doc. 144 at 2)

Count III alleges that Defendants Ryan and Dunn violated Plaintiff's Fourteenth Amendment Equal Protection rights because they have applied the revised policy of D.O. 806 (requiring original documentation to support criteria used to validate prisoners and support their indefinite confinement) to other inmates and released them from indefinite confinement, but such policy has not been applied to Plaintiff. (Docs. 41; 109 at 2)

On June 13, 2012, Plaintiff filed the pending Motion to Compel Discovery. (Doc. 134) Plaintiff's Motion is in small handwriting, difficult to read, and, as such, presents a

significant challenge to adjudicate. In his Motion, Plaintiff requests the Court order Defendants to provide Plaintiff with the discovery served on Defendants on March 24, 2012, doc. 118. Plaintiff filed two motions to extend the deadline to resolve discovery disputes, docs. 126 and 130. On June 4, 2012, the Court granted Plaintiff's first request, and denied Plaintiff's second request as moot. (Doc. 131) The Court extended the deadline until June 15, 2012. Defendants filed their Response to Plaintiff's Motion to Compel on July 16, 2012. (Doc. 144) On August 13, 2012, Defendants moved for summary judgment on Counts I and III of the Second Amended Complaint, doc. 41. (Doc. 146) Plaintiff's Response has essentially been stayed until the Court's resolution of this discovery dispute and Defendants' compliance with any order to produce discovery. (Doc. 150)

**II. Legal Standards**

  **A. Discovery**

    Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). The Court may limit discovery requests when, among others, "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(C)(iii).

    "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (citing *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)). The Federal Rules of Civil Procedure create a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). Demonstrating relevance is the burden of the party seeking the discovery. *Calderon v. U.S.*, 2008 WL 1787497, at *2 (S.D. Cal. April 15, 2008) ("The party seeking

1 to compel discovery has the burden of establishing that its request satisfies the relevancy
2 requirements of Rule 26(b)(1).") (citation omitted). "In turn, the party opposing discovery
3 has the burden of showing that discovery should not be allowed, and also has the burden of
4 clarifying, explaining and supporting its objections." *Id.* (citations omitted).

5       Prior to filing a motion to compel and in the context of being an incarcerated inmate,
6 Plaintiff provided the requisite certification that he conferred, or attempted to personally
7 confer, in good faith with adverse counsel to resolve their discovery dispute prior to seeking
8 court action. *See* Fed.R.Civ.P. 37(a)(1); LRCiv 7.2(j). Defendant does not dispute this and
9 the Court finds that Plaintiff sufficiently satisfied this requirement under the circumstances.

10       **B. Procedural Due Process**

11       Plaintiff is alleging a violation of his procedural due process rights because he claims
12 he has been, and is being, denied any process to challenge ADOC's continued certification
13 that the Mau Mau is a STG. Thus, he claims he is being denied an opportunity to be heard
14 and present evidence, receive a fair and meaningful review, and call witnesses. (Docs. 109
15 at 2) The substantive component of the due process clause "bars certain arbitrary, wrongful
16 government actions regardless of the fairness of the procedures used to implement them."
17 *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (internal quotations omitted); *Brittain v.*
18 *Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). The procedural component of the due process
19 clause protects against the deprivation by state action of "life, liberty, or property without
20 due process of law." U.S. Const., Amend. 14, § 1; *Zinermon,* 494 U.S. at 125. It is not the
21 deprivation of life, liberty, or property that is procedurally unconstitutional; rather, it is the
22 deprivation without the requisite due process. *Id.* at 126; *Carey v. Piphus,* 435 U.S. 247, 259
23 (1978).

24       When an inmate is transferred to a more confined facility or cell, courts generally
25 determine "what process an inmate must be afforded under the Due Process Clause,"
26 *Wilkinson v. Austin,* 545 U.S. 209, 220 (2005), and whether the new facility or cell will
27 "impose[] atypical and significant hardship on the inmate" or "inevitably affect the duration
28 of his sentence." *Sandin v. Connor*, 515 U.S. 472, 484, 487 (1997); *accord Myron v.*

1 *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007); *Keenan v. Hall*, 83 F.3d 1083, 1088 (9th Cir. 1996).  In order to demonstrate a liberty interest entitling an inmate to due process, a plaintiff must allege that his indefinite confinement in disciplinary confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *See Sandin*, 515 at 484. Therefore, discovery based on a claim of a violation of procedural due process must be relevant to those claims.

### C. Equal Protection

The equal protection clause requires that "all persons similarly situated shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Gilbrook v. City of Westminister*, 177 F. 3d 839, 871 (9th Cir. 1999) (in order to state an equal protection claim, a petitioner must allege "unequal treatment of people similarly situated"). A law that does not burden a fundamental right or target a suspect class will be upheld as long as the law is rationally related to a legitimate governmental interest. *Romer v. Evans*, 517 U.S. 620 (1996); *Coakley v. Murphy*, 884 F.2d 1218, 1221-22 (9th Cir. 1989). All that is needed to uphold state action under a rational basis test is a finding that there are "plausible," "arguable," or "conceivable" reasons which may have been the basis for the state's action. *Jackson Water Works v. Public Utils. Comm'n of State of Cal.*, 793 F.2d 1090, 1094 (9th Cir. 1986) (quoting *Brandwein v. California Bd. of Osteopathic Examiners*, 708 F.2d 1466, 1472 (9th Cir. 1983)).

For purposes of equal protection, prisoners are not a suspect class. *Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998); *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991). Inmates are not entitled to identical treatment as other inmates merely because they are all inmates. *See Norvell v. Illinois*, 373 U.S. 420 (1963). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause - when a suspect class is not implicated, the complainant must allege invidious discriminatory intent. *McQueary*, 924 F.2d at 834-35. Therefore, discovery based on an equal protection claim must be relevant to these standards set forth.

### III. Analysis

Plaintiff alleges that Defendants have failed to produce documents relating to sixteen

- 5 -

specific requests, namely, Requests for Productions Nos. 1, 2, 3, 4, 5, 6, 9, 10, and 12 from Defendant Ryan and Nos. 1, 2, 3, 4, 5, 6, and 9 from Defendant Dunn. The Court will address each request individually.

**Defendant Ryan**

### 1. Request for Production No. 1

Plaintiff requests "[a] complete unredacted copy of Plaintiff's AIMS report, except the identity of confidential information of other inmates." (Doc. 134-1 at 14)

Plaintiff asserts that this information is relevant to Count I, his procedural due process claim, because he is being denied an opportunity to be notified, heard, present evidence and witnesses, and have meaningful review whether the Mau Mau remains a STG which is resulting in his current supermax confinement. (*Id.* at 2)

Defendant Ryan objects on the ground that the Adult Information Management System's ("AIMS") file only contains information related to Plaintiff's "sentencing and release date calculations; institutional movements; disciplinary and rule violations; detainers and warrants; institutional work or job history; classification actions; or board of executive clemency hearing actions." (Doc. 144 at 3) Defendant further objects that, pursuant A.R.S. § 31-221(D), an inmate is only allowed to "view," not possess, "the prisoner's own automated summary record file" one time each year, except under certain circumstances not relevant here. (Doc. 134-1 at 15) Finally, Defendant argues that this discovery request "is not relevant to his remaining claims regarding the continued certification of the Mau Mau or his personal post-validation annual reviews." (Doc. 144 at 3)  Defendant contends "[w]hether he has had any disciplinary issues since being validated as a gang member is not the primary factor of his continued housing in administrative segregation, rather it is his refusal to renounce his gang membership and debrief, or to participate in and successfully complete the Step-Down Program." (*Id.*)

A review of A.R.S. § 31-221 (A)(1-8) supports Defendant's answer that it only contains the limited information Defendant has set forth above. The statute additionally prohibits revealing the names of confidential informants, endangering the lives of others or

1  jeopardizing an ongoing criminal indictment. A.R.S. § 31-221(C)(1-3). The statute further
2  provides that "[a] prisoner may view the prisoner's own automated summary record file,
3  excluding those categories listed in subsection C." A.R.S. § 31-221(D).

4        The Court will deny Plaintiff's Motion to Compel with respect to the Request for
5  Production No. 1 on the grounds it lacks relevance to his procedural due process claim
6  because Plaintiff has failed to demonstrate how the information in the AIMS file is reasonably
7  calculated to lead to the discovery of admissible evidence on either of Plaintiff's two narrow
8  remaining claims. Additionally, regardless whether A.R.S. § 31-221 is applicable to, or
9  controlling upon, a federal district court, if Plaintiff wishes to view the document, and he has
10 not done so within the year, he should follow the proper procedures for review of A.R.S. §
11 31-221 documents.

12 **2. Request for Production No. 2**

13       Plaintiff requests a "complete unredacted copy of Plaintiff's master file, except the
14 identity of confidential informants or other inmates." (Doc. 134-1 at 15)

15       Plaintiff states that this information is relevant to his procedural due process claim
16 and that it would include "gang activity or lack of gang activity." (Doc. 134-1 at 7)

17       Defendant objects to this request as irrelevant and overly broad and Plaintiff's master
18 file does not contain the information Plaintiff seeks. (Doc. 144 at 3-4) Defendant further
19 objects that the master file does not contain an inmate's STG documents. (*Id.* at 4) According
20 to Defendant, the master file only provides the following documentation, as required by
21 A.R.S. § 31-221:

22     [i]nformation from the committing court; reports from reception-diagnostic centers; evaluation and assignment reports and recommendations; reports of disciplinary
23     infractions and their disposition; progress reports prepared for the board of executive clemency and the Arizona Department of Corrections ("ADC"); parole or community
24     supervision progress reports; the date and circumstances of final discharge; and any other pertinent data concerning the inmate's background, conduct, associations and
25     life history as may be required by the ADC with a view to the person's reformation and to the protection of society.
26

27 (*Id.* at 4)

28       Here, Plaintiff has not shown that the information in Plaintiff's master file is relevant

- 7 -

1  to his remaining claims or creates a reasonable doubt regarding the credibility of Defendant's
2  objection. Fed.R.Civ.P. 26(b)(1). The Court will therefore deny Plaintiff's Motion to Compel
3  with respect to Request for Production No. 2.

**3. Request for Production No. 3**

Plaintiff requests a "complete unredacted copy of Plaintiff's STG file, including all reports, assessments and/or comments regarding his participation in the stepdown program of DO 806.09 of D.O. 806 implemented 11-5-09 revised 4-15-10, such as any gang activity or lack thereof and the kind of security threat Plaintiff is believed to pose as a participant of the stepdown program. Plaintiff is acceptable to redacting of the identity of confidential informants or other inmates." (Doc 134-1 at 15)

Plaintiff contends that the information is relevant to Count I and the monitoring of gang activity and individual behavior. (Doc. 134 at 8)

Defendant objects on the grounds of relevance. Specifically, Defendant contends that this information does not relate to Plaintiff's remaining claims regarding the continued validation of the Mau Mau as a STG or Plaintiff's personal post-validation annual reviews which pertain only to events that occurred after Plaintiff's STG appeal. (Doc. 144 at 4) Defendant also contends that Plaintiff has not made any allegations regarding the Step-Down program. (*Id.*) Finally, Defendant contends that Plaintiff's argument that his release from the Browning Unit is somehow dependent on whether Plaintiff poses a security threat is not true. Rather, Defendant notes, the only way Plaintiff can be released from Browning Unit is if he "renounces and debriefs or successfully participates in and completes the Step-down Program." (*Id*. at 5)

Plaintiff has not provided any information establishing that he has participated in a Step-Down program, nor has he shown that the information sought here is relevant to his remaining claims. The Court will deny Plaintiff's Motion to Compel with respect to Request for Production No. 3.

**4. Request for Production No. 4**

Plaintiff seeks "documents of interviews, statements, [and] court testimony made .

- 8 -

1  . . by Defendant [regarding the] level of security threat STG's including the Mau Mau, pose
2  to the institution during the years 2007-2011." (Doc. 134-1 at 15)

3        Defendant objects on the ground of relevance because the prison activities of an STG
4  other than the Mau Mau are not relevant to Plaintiff's pending claims "because he has been
5  validated a member of the STG, the Mau Mau." (Doc. 144 at 5)  "Second, 'statements
6  Defendant [Ryan] may or may not have made about the level of threat that the Mau Mau
7  posed during 2007-2011 are irrelevant to whether Defendant [Ryan] ultimately decided to
8  continue certification of the Mau Mau each year, which is simply based on the existence of
9  gang activity by the STG." The Court disagrees in part.

10       The Court agrees the activities of other STGs are not relevant to Plaintiff's claims
11 and, hence, are not discoverable. However, the Court believes that Defendant Ryan's
12 statements with respect to the Mau Mau may lead to admissible evidence. Therefore, the
13 Court will limit Plaintiff's request to only discover evidence regarding this Defendant's
14 known written "interviews, statements, [and] court testimony" about the Mau Mau STG, and
15 will therefore grant Plaintiff's Motion to Compel subject to this limitation.

16 **5. Requests for Production Nos. 5, 6 and 9**

17       In Request for Production No. 5, Plaintiff requests "[a]ll documents that contain,
18 mention, construe, or refer to all the incidents and/or evidence that was used to support the
19 continued certification of the STG Mau Mau pursuant to D.O. 806.01 1.4, 1.4.1, and 1.4.2.
20 D.O. 806 implemented 3-15-06, 11-5-09 and 4-15-10 during the years of 2007-2011.
21 Documents such as threat assessments, incident reports, use of forces reports, G.R.I.T." (Doc.
22 134-1 at 16)

23       In Request for Production No. 6,  Plaintiff requests "[a]ll documents that contain,
24 mention, construe, or refer to the process of whether or not to continue the certification of a
25 certified STG or member as outline in D.O. 806.01 1.4, 1.4.1, and 1.4.2 implemented in 3-15-
26 06 revised 11-5-09 and again the STG Appeals Committee, the names of those who sit on the
27 STG Appeals Committee during the annual reviews, the names and job titles of those who
28 submit the threat assessments and any recommendations as to whether or not to continue

- 9 -

certification of the STG's during the years 2007-2011. These documents should include but not be limited to memoranda, policies, management orders, instructions, directives and/or e-mails." (*Id.*)

In Request for Production No. 9, Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the criteria an STG, including the Mau Mau must meet in order for Defendant Ryan not to continue the certification of an STG, including the Mau Mau." (*Id.* at 17).

Defendant Ryan objects to these requests on the grounds of relevance, that the documents no longer exist, and, if they do exist, they pose security concerns if disclosed. (Doc. 144 at 7) Additionally, the Court previously denied Plaintiff's similar request as irrelevant if the requested information regarding the continued certification of the Mau Mau did not affect the Plaintiff's status as a validated STG member. (*Id.,* citing doc. 125 at 6) Further, Defendant Ryan contends it is unimportant to know the actual information that is the basis for the continued certification of an STG because the mere fact that there is continuing activity by an STG is sufficient for Defendant Ryan to recommend or approve the continued certification of the STG. Defendant points out Plaintiff "is already validated [as a STG member] and evidence of incidents used to validate an inmate is irrelevant to his post-validation claims." (*Id.*)

Obviously, the Court cannot order Defendant Ryan to produce documents which do not exist. Additionally, the Court finds that Plaintiff has not adequately established that the continued certification of the Mau Mau as a STG affects his status or is somehow relevant to his remaining claims and, therefore, will deny the Motion to Compel with respect to Requests for Production Nos. 5, 6 and 9. Plaintiff fails to connect the continued certification of the Mau Mau with Plaintiff's own validation of STG status. *See, e.g., United States v. Williams*, 791 F.2d 1383, 1387 (9th Cir. 1986) (affirming denial of discovery request related to prison security methods because plaintiff could not overcome government's interest in prison security and inmate safety).

**6. Request for Production No. 10**

- 10 -

1    Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the
2 number of inmates who had their STG validation rejected or overturned based on evidence
3 not meeting the standard of D.O. 806.02 1.1.3.6 of D.O. 806 implemented 3-15-06, revised
4 11-5-10, and revised again 4-15-10 as was done with inmate Nicholas Sizemore in 2009. The
5 number of inmates during 2006-2011." (Doc. 134-1 at 18)
6    Defendant Ryan objects to this request on the ground that "it assumes facts not in
7 evidence, is irrelevant and it poses a security risk." (Doc. 144 at 7) Defendant further objects
8 because there were no validations that were reversed or overturned and there are no numbers
9 available to produce. Finally, Defendant argues Plaintiff is not entitled to access to inmate
10 Nicholas Sizemore's STG information for multiple reasons, including prison security
11 concerns. (*Id.* at 8) Defendant points out Plaintiff is "incorrect in his assumption or belief that
12 any inmates (sic), including Nicholas Sizemore, had their (sic) STG validation 'rejected or
13 overturned' based on evidence 'not meeting the standard of DO 806, § 806.02, Subsection
14 1.1.3.6.'" (*Id.*) Defendant Ryan provides a brief overview and explanation of the changes
15 made to DO 806, effective November 5, 2009, and revised on March 1, 2011, and explain that
16 the amendments did not change the standard of evidence used to validate inmates as STG
17 members. Defendant further argues that no evidence was used at Plaintiff's annual
18 classification review. (*Id.*) The only issue at stake was "whether [Plaintiff] has renounced and
19 debriefed or whether he is successfully participating the Step-Down Program." (*Id.* at 8-9)
20    The Court agrees that generally other inmates' claims are not relevant to Plaintiff's
21 claims regardless of whether another inmate was afforded due process or suffered a
22 constitutional violation. Moreover, in light of legitimate prison security concerns, the Court
23 will deny Plaintiff's Motion to Compel with respect to Request for Production No. 10. *See*
24 *Williams*, 791 F.2d at 1387 (affirming denial of discovery request related to prison security
25 methods because plaintiff could not overcome government's interest in prison security and
26 inmate safety).
27 **7. Request for Production No. 12**
28    Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the

- 11 -

1 certifying of a member as stated in D.O. 806.01 1.4 of D.O. 806 implemented on 3-15-06
2 revise [sic] 11-5-09 and revised twice more on 4-15-10 and 3-1-11 as opposed to a validated
3 member of these same policies." (Doc. 134-1 at 18)

4  Defendant originally objected to this request as vague and ambiguous and now
5 contend that Plaintiff did not attempt to clarify his request but rather simply restated the
6 original vague request. (Doc. 144 at 9) Defendant further states that the entire STG process
7 is contained in DO 806, which they have already provided to Plaintiff. (*Id.*)

8  The Court finds that Plaintiff has not adequately clarified his request and that the
9 request remains vague and ambiguous. Requests for production of documents must be
10 described with "reasonable particularity." Fed.R.Civ.P. 34(b)(1)(A). Therefore, the Court will
11 deny Plaintiff's Motion to Compel with respect to Request for Production No. 12.

12 **Defendant Dunn**

13 **1.  Requests for Production Nos. 1 and 2**

14  In Request for Production No. 1, Plaintiff requests "[a]ll documents that contain,
15 mention, construe, or refer to the questions that were asked to Plaintiff during the polygraph
16 test he was given on approximately 10-12-10 in order to be eligible for the stepdown program
17 as required by D.O. 806.08 1.2.2.3 of DO 806 implemented 4-15-10." (Doc. 134-1 at 22) In
18 Request for Production No. 2, Plaintiff requests "[a]ll documents that contain, mention,
19 construe, or refer to the polygraph test given to Plaintiff on approximately 10-12-10 and the
20 results of that test and including the name of the polygraph examiner as required by D.O.
21 806.08 1.2.2.3 of D.O. 806 implemented 4-15-10." (Doc. 134-1 at 23)

22  Defendant Dunn objects to these requests as irrelevant because Plaintiff does not
23 make any allegations or claims in this lawsuit regarding the Step-Down program. (Doc. 144
24 at 9) Defendant further states that Plaintiff is incorrect that the polygraph test was used as
25 evidence of gang activity; but rather, it is used to determine whether an inmate is truthful
26 about his motivations. (*Id.* at 9-10)

27  The Court finds that Plaintiff has not shown how the Step-Down program is relevant
28 to Plaintiff's existing claims and will, therefore, deny Plaintiff's Motion to Compel with

1  respect to Requests for Production Nos. 1 and 2.

**2. Request for Production No. 3**

Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the number of inmates the STG Appeals Committee denied (reversed) their validation because of evidence used to support the validation did not meet the requirement of D.O. 806.02 1.1.3.6 of D.O. 806 implemented 3-15-06, revised 11-5-09 and revised again 4-15-10 during the years 2007-2011 as was done in inmate Nicholas Sizemore's validation in the year 2009." (Doc. 134-1 at 23)

Defendant argues that this request is the same one as Request for Production No. 10 sought from Defendant Ryan. Defendant reiterates that the standard did not change and that no inmate have had his validation reversed based on insufficient evidence. (Doc. 144 at 10)

For the same reasons as the Court denied Plaintiff's Motion to Compel with respect to Request for Production No. 10 proffered to Defendant Ryan, the Court will deny Plaintiff's Motion to Compel with respect to Request for Production No. 3 proffered on Defendant Dunn.

**3. Request for Production Nos. 4, 5 and 6**

In Request for Production No. 4, Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the process the STG Appeals Committee follow when they conduct the annual review of whether or not to continue certification of an STG during the years 2007-2011 as outlined in D.O. 806.01 1.4, 1.4.1., and 1.4.2 implemented 3-15-06 revised 11-5-09 and 4-15-10." (Doc. 134-1 at 23)

In Request for Production No. 5, Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the criteria a certified STG or member as stated in D.O. 806.01 1.4, 1.4.1, 1.4.2 and 1.4.3 of D.O. 806 implemented 3-15-06, revised 11-5-09 revised again 4-15-10 and the last revision 3-1-11 must meet for the STG Appeals Committee to recommend to the Director not to continue certification of a particular STG or member, during the years of 2007-2011." (Doc. 134-1 at 24)

In Request for Production No. 6, Plaintiff requests "[a]ll documents that contain,

1  mention, construe, or refer to how the STG Appeal Committee determine whether or not to
2  continue certification of an STG or member as outlined in D.O. 806.01, 1.4, 1.4.1, 1.4.2, and
3  1.4.3 of D.O. 806 implemented 3-15-06 revised 11-5-09, 4-15-09, and 3-1-11." (Doc. 134-
4  1at 24)

5        Defendant Dunn objects to these Requests for Production on the ground that they
6  are not relevant to Plaintiff's claims. First, Defendant contends that other inmates have not
7  had a different standard of evidence applied to their evidence, nor have they had their
8  validations overturned and reversed. (Doc. 144 at 10) Second, again as discussed with
9  Request for Production No. 10 proffered earlier, Defendant Dunn indicates that evidence is
10 not evaluated at Plaintiff's annual classification review. (*Id.* at 10-11) Defendant states the
11 "only information used to determine classification is whether [Plaintiff] has renounced and
12 debriefed or whether he is successfully participating in the Step-Down Program." (*Id.* at 11)

13       The Court will deny Plaintiff's Motion to Compel with respect to Requests for
14 Production Nos. 4, 5, and 6 as irrelevant.

### 4.  Request for Production No. 9

16       Plaintiff requests "[a]ll documents that contain, mention, construe, or refer to the
17 number of suspected, validated, and debriefed STG members of each STG who [are]
18 incarcerated currently and those who are not incarcerated for the years of 2006-2011 such as
19 statistic reports, incident reports, and other related communications." (Doc. 134-1 at 25)

20       Defendant Dunn objects to this request as irrelevant and not discoverable because
21 information related to the continued certification of Mau Mau as a STG does not affect
22 Plaintiff's STG membership validation. (Doc. 144 at 11)

23       The Court finds that Plaintiff has not shown that the discovery he seeks to obtain in
24 Request for Production No. 9 is related to his remaining claims and, for the reasons set forth
25 in denying Request for Production Nos. 5, 6, and 9 proffered on Defendant Ryan, the Court
26 will deny Plaintiff's Motion to Compel with respect to Request for Production No. 9.

27       Accordingly,

28       **IT IS ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **DENIED** with

respect to Requests for Production Nos. 1, 2, 3, 5, 6, 9, 10, and 12 proffered on Defendant Ryan.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **DENIED** with respect to Requests for Productions 1, 2, 3, 4, 5, 6, and 9 proffered on Defendant Dunn.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel, doc. 134, is **GRANTED** with respect to Request for Production No. 4 proffered on Defendant Ryan. Defendant is ordered to produce the requested documents limited to only evidence regarding Defendant Ryan's written "interviews, statements, [and] court testimony" about the Mau Mau STG within **10 days** of the date of this Order. In the event that such documents include information regarding other inmates, such information may be redacted for purposes of the other inmates' privacy and prison security.

**IT IS FURTHER ORDERED** that Plaintiff shall have shall have **14 days** from the date on which he receives the documents requested in Request for Production No. 4 in which to respond to Defendants' Motion for Summary Judgment, doc. 146.

Dated this 26th day of September, 2012.

_Lawrence O. Anderson_
Lawrence O. Anderson
United States Magistrate Judge